IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| OLAN GIRARD TURNER, JR., | : |
| Petitioner, | : |
| v. | : Case No. 7:25-cv-118-WLS-ALS |
| Captain JEROME BURGESS, | : |
| Respondent. | : |

**ORDER**

Before the Court is *pro se* Petitioner Olan Girard Turner's petition for federal habeas corpus relief challenging his August 20, 2025 conviction in the Superior Court of Thomas County, Georgia for burglary in the first degree. (Doc. 1). Petitioner also moved for leave to proceed *in forma pauperis* ("IFP") in this case. (Doc. 2). Petitioner's filings show he cannot now pay the filing fee. Therefore, his motion to proceed IFP (Doc. 2) is **GRANTED.**

Although Petitioner appears to be challenging a state court conviction, he was not incarcerated at the time he filed this case. (Doc. 2, at 4). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). The Supreme Court of the United States has interpreted this language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91. The "in-custody" requirement is jurisdictional. *Llovera-Linares v. Fla.*, 559 F. App'x 949, 951 (11th Cir. 2014) (citing *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988)). A petitioner does not necessarily need to be incarcerated to meet the "in custody"

requirement, however; "[i]n the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail." *Duvallon v. Fla.*, 691 F.2d 483, 485 (11th Cir. 1982). It is unclear from his Petition whether Petitioner is "in custody" for purposes of federal habeas jurisdiction.

Petitioner is also advised that he is required to exhaust all available state remedies before he may go forward with this action in federal court. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (noting that a prisoner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court"). Upon cursory review of the Petition, it appears that Petitioner has not yet fully exhausted his remedies in the state courts. *See, e.g.*, Doc. 1, at 2-3 (stating that he "file[d] an innocent claim" but has not yet "got a response for [his] filed motions").

For these reasons, Petitioner is **ORDERED** to recast his Petition on one of the Court's standard forms to seek habeas relief pursuant to 28 U.S.C. § 2254, which is the federal statute for challenging a state court conviction. In his Recast Petition, Petitioner must explain why he is currently "in custody" for purposes of the conviction he is seeking to challenge. Petitioner must also explain each of the steps he has taken to fully exhaust his state court remedies. The Clerk is **DIRECTED** to mail Petitioner copies of the appropriate forms for this purpose, marked with the case number of this case, that Petitioner should use to comply.

The Recast Petition will supersede (take the place of) the initial Petition (Doc. 1). Petitioner should include each of his claims for relief in his Recast Petition, even if he has also included those claims in the documents he has already filed with the Court. Petitioner must also notify the Court immediately in writing of any change in his mailing address and Petitioner is

**ADVISED** that the failure to do so may result in the dismissal of this action.[1] If after considering the information in this Order, Petitioner does not wish to now pursue habeas relief, he should notify the Court of this and/or withdraw his petition within **FOURTEEN (14) DAYS** of the date shown on this Order. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application for habeas relief.** There will be no service of process in this case until further order.

**SO ORDERED**, this 7th day of January, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears Petitioner may now be incarcerated at the Thomas County Jail, although it is not clear whether this incarceration is related to the conviction he is attempting to challenge in this action. *See* https://www.thomascountysheriff.com/inmate-roster/69176e3065797b24eb0b7b12  [https://perma.cc/3CQG-JUTK] (last visited Jan. 5, 2026). Petitioner should be sure to address whether his current incarceration is related to the conviction he is challenging in this case in his Recast Petition. In addition, the Clerk is **DIRECTED** to mail Petitioner a copy of this Order and the required forms to Petitioner's address of record as well as what may be his current address at the Thomas County Jail. The Court also notes that Petitioner has pending before the Court a case filed pursuant to 42 U.S.C. 1983, *Turner v. Burgess*, 7:25-cv-119-WLS-ALS (M.D. Ga. Sept. 24, 2025). Petitioner should raise any claims concerning the conditions of his confinement in that case and not in the above-captioned action.